UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IRITA MARIE LATHAM, | No. 2:14-cv-0922 CKD P |
| Petitioner, | |
| v. | ORDER |
| YUBA COUNTY, | |
| Respondent. | |

Petitioner, a Yuba County Jail prisoner proceeding pro se, has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 together with a request to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. Petitioner has consented to have all proceedings in this matter before a United States Magistrate Judge. See 28 U.S.C. § 636(c).

Petitioner has submitted a declaration that makes the showing required by § 1915(a). Accordingly, the request to proceed in forma pauperis will be granted. 28 U.S.C. § 1915(a).

The exhaustion of state court remedies is a prerequisite to the granting of a petition for writ of habeas corpus. 28 U.S.C. § 2254(b)(1). A petitioner satisfies the exhaustion requirement by providing the highest state court with a full and fair opportunity to consider all claims before presenting them to the federal court. Picard v. Connor, 404 U.S. 270, 276 (1971).

After reviewing the petition for habeas corpus before the court, the court finds that petitioner has failed to exhaust state court remedies. The claims have not been presented to the

1

California Supreme Court.  Further, there is no allegation that state court remedies are no longer available to petitioner.  Accordingly, the petition will be dismissed without prejudice.[1]

Good cause appearing, IT IS HEREBY ORDERED that:

1. Petitioner's motion for leave to proceed in forma pauperis (ECF No. 5) is granted;

2. Petitioner's petition for a writ of habeas corpus is dismissed for failure to exhaust state court remedies;

3. The court declines to issue the certificate of appealability referenced in 28 U.S.C. § 2253; and

4. This case is closed.

Dated: May 27, 2014

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

1
lath0922.103

---

[1] Petitioner is cautioned that the habeas corpus statute imposes a one year statute of limitations for filing non-capital habeas corpus petitions in federal court.  In most cases, the one year period will start to run on the date on which the state court judgment became final by the conclusion of direct review or the expiration of time for seeking direct review, although the statute of limitations is tolled while a properly filed application for state post-conviction or other collateral review is pending.  28 U.S.C. § 2244(d).